UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5193

SWANSON DALTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CR-93-171-D)

Submitted: September 24, 1996

Decided: October 17, 1996

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Locke T. Clifford, CLIFFORD, CLENDENIN & O'HALE, Greens-
boro, North Carolina, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Joseph W. H. Mott, Assistant United States Attorney,
Jeb Terrian, Third-Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Swanson Dalton appeals his conviction and 360-month sentence for conspiracy to distribute cocaine, 21 U.S.C.§ 846 (1994), and attempting to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (1994). We affirm.

I

Evidence at trial showed that Dalton was a leader of a large cocaine conspiracy operating in the Danville, Virginia, area. A confidential informant, Danny Marshall, made several purchases of cocaine from members of the Dalton operation. Marshall subsequently began negotiating the purchase from Dalton of five kilograms of cocaine. Witnesses, including Marshall, testified about the organization and the planned sale of the five kilograms. Additionally, three taped telephone conversations--one between Marshall and Dalton--concerning this transaction were introduced at trial.

Dalton first claims that the prosecutor improperly revealed to the jury, through Marshall's testimony, that Dalton had a criminal record. Prior to trial, the court granted Dalton's motion in limine, in which Dalton requested the government to instruct its witnesses not to mention Dalton's criminal record during trial. While testifying, Marshall said that he shared with many of his drug contacts an interest in car racing. The prosecutor asked whether Dalton was racing cars. Marshall replied, "He was at first. . . but I think at the time he had went [sic] to pull a little time." Dalton objected, and the judge immediately instructed the jury to disregard Marshall's statement.

During a break, Dalton moved for a mistrial based on the prosecutor's alleged violation of the court's instructions. Marshall was questioned about what prompted his comment. Initially, he stated that the

2

prosecutor had not instructed him not to mention Dalton's record; however, Marshall later said that he was not sure whether he had received such an instruction. The district court overruled the motion, finding the comment "innocuous," and noting that "if you blinked you would have missed it." Marshall's testimony resumed and continued at length.

An appellant claiming prosecutorial misconduct "must show that the remarks were improper and that they prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995) (internal citation and quotation omitted). In determining prejudice, a court examines:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Id. at 780 (citation omitted). Additionally, courts consider whether the remarks were invited, United States v. Young, 470 U.S. 1, 12-13 (1985), and the remedial effect of any curative instructions. United States v. Harrison, 716 F.2d 1050, 1053 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984).

It is highly questionable whether there was any prosecutorial misconduct in this case. Assuming that there was, however, the misconduct was not so serious as to deprive Dalton of a fair trial. The evidence against Dalton was extremely strong, the reference to his record was an isolated remark made in the middle of Marshall's extensive testimony, there is no evidence that the comment was made deliberately in an attempt to divert the jury's attention, and the judge gave an immediate curative instruction.

II

Dalton also claims that he was wrongly sentenced as a career offender. He was arrested in July 1988 and charged with several state

3

drug offenses. In December 1988, while awaiting trial for the July offenses, he was arrested again on a drug charge. Dalton was convicted and imprisoned on all of these state charges, which constituted the two prior convictions on which his career offender status was based. See United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1994).

Dalton claims on appeal that the December offense should not have been included because it was part of the same course of conduct as the present federal offenses. However, Dalton raises this claim for the first time on appeal, and has therefore waived it, United States v. Grubb, 11 F.3d 426, 440-41 (4th Cir. 1993), absent plain error. United States v. Olano, 507 U.S. 725, 731-35 (1993). Our review of the materials before us reveals that there was no plain error in this case. Significantly, there was no credible showing that Dalton was involved in drug trafficking during the period between his December 1988 arrest and early 1993, when the instant federal conspiracy was alleged to have begun.

III

We accordingly affirm Dalton's conviction and sentence. We dispense with oral argument because our review of the materials before us reveals that argument would not aid the decisional process. The motion to file a supplemental appendix is granted.

AFFIRMED

4